ASSEMBLY OF GOD CHURCH, LAMBERT, ARKANSAS *v.* BERL FORD ET AL

73-86                                          499 S.W. 2d 273

Opinion delivered September 24, 1973

*Gannaway, Darrow & Hanshaw*, for appellant.

*Fenton Stanley*, for appellee.

CONLEY BYRD, Justice. Appellant Assembly of God Church, Lambert, Arkansas, pursuant to Ark. Stat. Ann. § 82-401 (Repl. 1960), applied to the County Judge of

Hot Spring County for a permit to establish a cemetery upon an acre of land adjoining its church building. Appellees and cross-appellants Berl Ford, et al, opposed the granting of the application. The county judge after hearing evidence denied the application. On appeal to the circuit court appellant took the position that under Ark. Stat. Ann. § 82-401, *supra,* the county judge had no discretion once the State Health Department approved the application. Appellees and cross-appellants took the position that the county judge had some discretion and that it was necessary for the court to hear evidence on the need and desirability of a cemetery on the desired site. After both parties announced that they were willing to stand on their respective propositions, the circuit court noted that the State Health Department had approved the site for a cemetery and ordered the county judge to issue the permit. In lieu of a supersedeas bond on appeal, the circuit judge ordered that no interments be made within one year from the date of the order. Although the church appealed from the "one year" moratorium, it now concedes that the issue is moot and asks us to affirm the circuit court. Cross-appellants raise several contentions including the contention that if the county judge had no discretion once the State Health Department approved the application then the church's remedy should have been by mandamus instead of by appeal. Since we consider the stipulation in the trial court to waive all contentions except the principal one having to do with a construction of the statute, we consider only the issue which the parties stipulated to before the trial court.

The statute here involved provides:

"Whenever it is proposed to locate a cemetery, or to extend the boundaries of an existing cemetery, the party, or parties, so proposing shall make written application to the county judge, or to the mayor of an incorporated city or town, according to whether said cemetery, or extension of a cemetery, is to be located in the jurisdiction of one or the other of these authorities, describing accurately the location and boundaries of the proposed cemetery, or extension of a cemetery. Before acting upon the application the

county judge, or the mayor, as the case may be, shall refer the application to the State Board of Health, for investigation from a sanitary standpoint. In making such investigation the State Board of Health shall take into consideration the proximity of the proposed cemetery, or extension of a cemetery, to human habitations, the nature of the soil, the drainage of the ground, the danger of pollution of valuable springs or streams of water, and such other conditions as would bear upon the situation. Having completed its investigation as promptly as can be done, the State Board of Health shall submit a report to the judge, or to the mayor, as the case may be, and either approve or disapprove the application. Having received the report from the State Board of Health, the judge, or the mayor, as the case may be, shall, as recommended by the State Board of Health, either grant, or deny, the application. Should the application be granted the judge, or the mayor, as the case may be, shall issue to the party, or parties, making the application, and in such form as may be prescribed by the State Board of Health, a permit to establish or extend the cemetery in question. The said permit shall be recorded in the office of the county judge, or the mayor, and a copy forwarded to the State Board of Health.

When this statute is construed together with Ark. Stat. Ann. §§ 82-411 through 82-426 (Repl. 1960), as amended (Supp. 1971), it at once becomes apparent that it applies only to cemeteries owned by a church, a municipal corporation, or a family or community not employing salesmen or paying sales commissions. Like the trial court, we agree that the county judge has no discretion under the statute to refuse a permit once the State Health Department has given its approval.

Affirmed.