The Honorable Betty Pickett State Representative 1903 College Avenue Conway, AR 72034-6303
Dear Representative Pickett:
I am writing in response to your request for an opinion on the following questions:
 1. What restrictions may a city place on a family cemetery within its city limits established exclusively for family use on land owned and operated by the family?
 2. If a city requires a family cemetery to have perpetual care or permanent maintenance does that conflict with Arkansas Code § 20-17-1003 (a) (3)?
As a backdrop to this questions, you state that one of your constituents would like to establish a family cemetery exclusively for the use of his family within the city limits of Conway on land owned and operated by his family, and that the city is requiring that the family cemetery have perpetual care or permanent maintenance as provided under the Cemetery Act for Perpetually Maintained Cemeteries (hereinafter "Cemetery Act," A.C.A. § 20-17-1001 et seq. (Repl. 2000 and Supp. 2003)).
RESPONSE
It is my opinion that the answer to your first question likely depends upon the specific restriction(s) proposed by the city. I have found no general authority for a city to place restrictions on a cemetery that is properly registered and owned and operated by a family exclusively for its own use.[1] In my opinion, authority for any such "restrictions" would have to be found either in A.C.A. § 14-54-802, which empowers cities to "regulate the burial of the dead,"[2] or A.C.A. § 14-54-901—904 (regulation of unsanitary conditions), or perhaps in A.C.A. § 14-55-102
(general police power). A conclusive determination regarding the city's authority under any of these provisions would be intensely factual and dependent upon the particular attendant circumstances.
It is my opinion that the answer to your second question is "yes." That is, such a requirement would conflict with A.C.A. § 20-17-1003 (a) (3), assuming that the city-imposed "perpetual care or permanent maintenance" would be similar to that required under the Cemetery Act.
Section 20-17-1003 (a) (3) exempts from the provisions of the Cemetery Act "a cemetery that is owned and operated by . . . [a] family exclusively for its own family use[.]" Under the Cemetery Act, a "perpetual care cemetery" means "a cemetery for the benefit of which a perpetual care fund has been established in accordance with the provisions of this subchapter." A.C.A. § 20-17-1002(4) (Supp. 2003). The subchapter does not define "permanent maintenance cemetery" but defines the term "care and maintenance" as "the continual maintenance of the cemetery ground and graves in keeping with a properly maintained cemetery." Id. at subsection (2). The Cemetery Act provides for the issuance of permits by the Arkansas Cemetery Board, which is authorized, inter alia, to conduct inspections and to monitor the funding and accounting practices of any cemeteries that fall within its scope. See, e.g., A.C.A. § 20-17-1006
(setting forth powers and duties of the Cemetery Board). As part of the permitting process, an applicant must submit a "set of rules and regulations for the use, care, management, and protection of the cemetery" and "the proposed method of establishing a permanent maintenance fund." A.C.A. § 20-17-1008 (b) (3) (D) and (E) (Repl. 2000).
Clearly, these requirements do not apply to a cemetery that is owned and operated by a family exclusively for its own use. See A.C.A. § 20-17-1003
(a) (3), supra. As noted above (supra at n. 1), such a family cemetery is registered pursuant to A.C.A. § 20-17-901—903. These latter provisions impose no requirements of "perpetual care or permanent maintenance" as provided under the Cemetery Act. Indeed, while there is general statutory authority for any person to establish a "trust fund in perpetuity" for the upkeep of specified cemetery plots (A.C.A. § 20-17-904 (Supp. 2003), there is no requirement to this effect that would apply to a registered family cemetery. And in light of the provisions of A.C.A. 20-17-1001 etseq., I believe it must be concluded that a city cannot require that the family provide for the perpetual care or permanent maintenance of its cemetery. This necessarily follows, in my opinion, from the general proscription against a city's exercise of legislative authority contrary to state law. Ark. Const. art. 12, § 4.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/EAW:cyh
[1] In accordance with A.C.A. § 20-17-902 (a) (Repl. 2000), it is "unlawful to bury a dead body outside of a registered cemetery." The application and permitting process for registering a cemetery is set out in A.C.A. § 20-17-903 (Repl. 2000). This process applies to a cemetery that is owned and operated by a church, a city or county, a family, or a community nonprofit association. This conclusion follows from a reading of §§ 20-17-901—903 together with the Cemetery Act for Perpetually Maintained Cemeteries (A.C.A. § 20-17-1001 et seq.), which exempts such cemeteries from its provisions. See A.C.A. § 20-17-1003 (a) (3) andAssembly of God Church v. Ford, 255 Ark. 132, 499 S.W.2d 273 (1973).
[2] I assume in addressing these questions that the city has not prohibited the burial of the dead within its corporate limits, as authorized by A.C.A. § 14-54-803 (a) (Repl. 1998).